NO. 07-04-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 25, 2004


______________________________



BOBBY RICHARD WHITE
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A2879-0304; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ABATEMENT AND REMAND


 Appellant Bobby Richard White appeals from a judgment convicting him of
possession of a controlled substance. The clerk's record is due in this cause, and an
extension of the applicable deadline was sought. To justify the extension, the district clerk
represented that appellant has failed to 1) file a written designation for the clerk's record,
2) file a written designation for the reporter's record and 3) pay or make arrangements to
pay for the record. Nothing of record appears showing the appellant is indigent and entitled
to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 64th District
Court of Castro County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent; 

 

 3. whether appellant is entitled to a free appellate record due to his 
indigency; and


 4. whether appellant has counsel or is entitled to appointed counsel.


 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before June 25, 2004. Should further time be
needed by the trial court to perform these tasks, then same must be requested before June
25, 2004. 

 It is so ordered. 

 Per Curiam 

 

Do not publish. 

 



3 S.W.2d 103, 106 ( Tex.Cr.App. 1999). In reviewing trial court
rulings on motions to suppress, we afford almost total deference to the trial court's
determination of historical facts when it is supported by the record. Guzman v. State, 955
S.W.2d 85, 89 (Tex.Cr.App. 1997). When, as here, the trial court fails to file findings of
fact, we view the evidence in the light most favorable to the trial court's ruling, and assume
that the trial court made implicit findings of fact that support its ruling as long as those
findings are supported by the record. See Carmouche v. State, 10 S.W.3d 323, 328
(Tex.Cr.App. 2000). If the trial judge's decision is correct on any theory of law applicable
to the case, the decision will be sustained. State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Cr.App. 2000). At a suppression hearing, the trial court is the sole and exclusive trier
of fact and judge of the credibility of witnesses and the weight to be given their testimony. 
 Id. at 855.

 In the present case, appellant concedes he gave the officers consent to search his
trailer house. However, he denies ever giving the officers permission to search his vehicle
or the two sheds on the property. He relies on the written consent form provided by Chief
Gooch to support his claim that his consent was strictly limited to a search of his residence. 
In response, the State argues that Chief Gooch explained to appellant "that the word
"residence" included everything on the property. Furthermore, at the suppression hearing,
the four officers who confronted appellant each testified they received verbal consent to
search both the residence and the surrounding area. There was no evidence presented
suggesting appellant's consent was coerced or involuntary. Therefore, viewing the
evidence in the light most favorable to the trial court's ruling, a determination by the trial
court that appellant verbally consented to a search of both the residence and surrounding
area would not be an abuse of discretion. Accordingly, appellant's first point of error is
overruled.

 By his second point, appellant maintains the evidence was legally and factually
insufficient to prove he possessed the anhydrous ammonia. We disagree. When both the
legal and factual sufficiency of the evidence are challenged, we must first determine
whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922
S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one
cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01
(Vernon 2003).

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This
standard is the same in both direct and circumstantial evidence cases. Burden v. State, 55
S.W.3d 608, 612-13 (Tex.Cr.App. 2001). We conduct this analysis by considering all the
evidence before the jury--whether proper or improper--so that we can make an
assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App.
1996). We must uphold the jury's verdict unless it is irrational or unsupported by more than
a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. Under this standard, we view all the
evidence without the prism of "in the light most favorable to the prosecution" and set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must
determine after considering all the evidence in a neutral light, whether the jury was
rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d
477, 484 (Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of the witnesses, as this was the function of the
trier of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992). 

 However, before determining whether the evidence is sufficient to support
appellant's conviction, we must review the elements the State was required to prove. A
person commits an offense if, with the intent to unlawfully manufacture a controlled
substance, the person possesses or transports anhydrous ammonia. Tex. Health & Safety
Code Ann. § 481.124(a) (Vernon Supp. 2005). Intent to unlawfully manufacture a
controlled substance is presumed if the person possesses or transports "anhydrous
ammonia in a container or receptacle that is not designed and manufactured to lawfully
hold or transport anhydrous ammonia." Id. at (b)(1). 

 Although anhydrous ammonia is not listed as a controlled substance under the
Texas Controlled Substances Act, the standard for determining possession of the
substance is the same. See Wootton v. State, 132 S.W.3d 80, 86 (Tex.App.-Houston [14th
Dist.] 2004, pet. ref'd). The State must prove appellant (1) exercised actual care, custody,
control, and management over the contraband, and (2) knew the substance he possessed
was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). Presenting
either direct or circumstantial evidence, the State must establish appellant's connection with
the drug was more than just fortuitous. Id. If appellant was not in exclusive possession or
control of the place where the contraband was found, the State must prove independent
facts and circumstances affirmatively linking him to the contraband. Guiton v. State, 742
S.W.2d 5, 8 (Tex.Cr.App. 1987). An affirmative link generates a reasonable inference that
the appellant knew of the contraband's existence and exercised control over it. See Brown,
911 S.W.2d at 747. 

 Affirmative links may include, but are not limited to: (1) appellant's presence when
the contraband was found; (2) whether the contraband was in plain view; (3) appellant's
proximity to and the accessibility of the contraband; (4) whether appellant was under the
influence of narcotics when arrested; (5) whether appellant possessed other contraband
when arrested; (6) whether appellant made incriminating statements when arrested; (7)
whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband; (10) whether other contraband or drug
paraphernalia was present; (11) whether appellant owned or had the right to possess the
place where the drugs were found; (12) whether the place the drugs were found was
enclosed; and (13) the amount of contraband found. See Taylor v. State, 106 S.W.3d 827,
832 (Tex.App.-Dallas 2003, no pet.). See also Trejo v. State, 766 S.W.2d 381, 384
(Tex.App.-Austin 1989, no pet.). It is the logical force of these factors, individually or
combined, which determines whether the State's evidence links appellant to the
contraband. Trejo, 766 S.W.2d at 385.

 In the present case, the evidence provides several affirmative links that raise
reasonable inferences of appellant's knowledge and control of the anhydrous ammonia
found behind his residence. Appellant was present when the substance was found. The
substance was found a short distance behind appellant's trailer house in an unlocked shed
which was accessible to him. A search of his residence revealed numerous items
commonly associated with the manufacture of methamphetamine including a pill crusher,
crushed cold tablets, blister packs containing cold tablets, a digital scale, cans of starter
fluid, denatured alcohol, cartons of salt, and drain cleaner containing sulfuric acid. In the
kitchen, the officers also found a key to the padlocked shed located in front of appellant's
residence. A search of the front shed revealed coffee filters containing methamphetamine
powder, a hand sprayer which had been converted to a HCl generator, mason jars, drain
cleaner containing sulfuric acid, muriatic acid, empty cans of starter fluid, and a hot plate
with an extension cord running to the trailer house. Three boxes of cold pills were found
in appellant's vehicle. The air tank was found in a shed behind the trailer house and was
not designed for the storage or transport of anhydrous ammonia. 

 Notwithstanding the affirmative links establishing his knowledge and possession of
the substance, appellant contends the anhydrous ammonia was found away from his trailer
house, and that it could have been previously placed there by someone else. However,
considering the evidence, we find that a rational jury could have reasonably reached the
conclusion that appellant knew of the anhydrous ammonia located near his residence. An
investigator from the South Plains Regional Narcotics Task Force testified that it is "very
common" for anhydrous ammonia containers to be stored short distances from
methamphetamine labs and be brought in "after the fact to finish off" the process. 
Furthermore, the jury, as trier of fact, may choose to believe all, some, or none of any
witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's
decision is not manifestly unjust merely because it resolved conflicting views of evidence
in favor of the State. Cain v. State, 958 S. W.2d 404, 410 (Tex.Cr.App. 1997). 

 Viewing the evidence in the light most favorable to the prosecution, we conclude a
rational trier of fact could have found beyond a reasonable doubt that appellant possessed
the anhydrous ammonia with intent to manufacture methamphetamine. We further
conclude that the evidence is not so weak that the jury's verdict was clearly wrong and
unjust, nor is the verdict so against the overwhelming weight of the evidence as to be
clearly wrong and unjust. We find the evidence is legally and factually sufficient to support
appellant's conviction. Appellant's second point of error is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.